FILED
2016 Apr-27  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JITCO GROUP LIMITED,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  1:15-CV-2235-VEH** |
| | ) |
| **789 AUTO SALES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

---

## <u>MEMORANDUM OPINION</u>

### I.   Introduction and Procedural History

Plaintiff JITCO Group Limited ("JITCO") initiated this breach of contract action against Defendants 789 Auto Sales, LLC ("789 Auto") and Benjamin M. Mitchell ("Mr. Mitchell") on December 8, 2015. Pending before the court is JITCO's Motion for Default Judgment (Doc. 14) (the "Motion") filed on February 2, 2016. Mr. Mitchell was dismissed from this action without prejudice on April 27, 2016, due to his death. (Doc. 26). Thus, the Motion now only properly applies to 789 Auto and, the portion of the Motion that seeks a default judgment against Mr. Mitchell is due to be termed as moot.

This lawsuit was reassigned (Doc. 16) to the undersigned on February 9, 2016, to decide the merits of the Motion after the previously assigned magistrate judge

realized that satisfying the "unanimous consent [provision] [wa]s . . . [im]possible" (Doc. 15 at 1-2) under the "the court's January 2, 2015 General Order for Referral of Civil Matters to the United States Magistrate Judges of the Northern District of Alabama." (*Id.* at 1). Having some jurisdictional concerns upon reassignment, the court entered a show cause order (Doc. 18) directed to JITCO on February 16, 2016. On February 18, 2016, JITCO filed its response (Doc. 19), which eliminates any uncertainty about this court's power to exercise diversity jurisdiction over this dispute.

The court file reflects that JITCO perfected service of the summons and complaint on 789 Auto on December 18, 2015 (Doc. 5) based upon the post office stamp (*see* CM/ECF docket entry dated Dec. 28, 2015 ("no date entered on car, post office stamp date")). On January 28, 2016, the clerk separately entered a default against 789 Auto (Doc. 13), due to its failure to respond to JITCO's complaint after being duly served.

The Motion seeks to have the court enter a default judgment in JITCO's favor for the sum certain "amount of $124,080.00 which is comprised of $120, 380,000 in damages, plus $3,300.00 in attorney's fees, and court costs in the amount of $400.00.") (Doc. 14 at 2). On March 1, 2016, the court entered an order (Doc. 20), requiring 789 Auto to show cause no later than March 21, 2016, why the Motion

should not be granted. The clerk sent this show cause order to 789 Auto via regular and certified mail on March 1, 2016. (*See* CM/ECF margin entry dated Mar. 1, 2016). The show cause deadline has passed without any filing from 789 Auto.

## II.     Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). However, entry of default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the court must enter a default judgment under Rule 55(b). Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1] The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.")

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same). When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). On the other hand, if a specific sum is sought, a hearing may not be necessary.[2]

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports*, *Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007)

---

[2] JITCO did not include a jury demand in its complaint and, in its Motion, JITCO seeks judgment in a sum certain without requesting an evidentiary hearing on damages.

(emphasis added).

## III.   Analysis

JITCO's complaint contains two counts–count one is for breach of contract against 789 Auto (Doc. 1 at 4 ¶¶ 11-15), and count two is for collection on a personal guaranty against Mr. Mitchell, who no longer is an active party in this lawsuit. (*Id.* at 5 ¶¶ 16-20). Concerning contractual liability under Alabama law:

> The elements of a breach-of-contract claim are: (1) the existence of a valid contract binding upon the parties in the action, (2) the plaintiff's own performance; (3) the defendant's nonperformance, or breach, and (4) damage. *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998).The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement. *Hargrove v. Tree of Life Christian Day Care Ctr.*, 699 So. 2d 1242, 1247 (Ala. 1997), citing *Pinyan v. Community Bank*, 644 So. 2d 919 (Ala. 1994).

*Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001).

The court has reviewed the complaint and it appears that JITCO has averred sufficient facts that, due to their admission as a result of 789 Auto's failure to appear after being duly served, default judgment is due to be entered in favor of JITCO as to contractual liability. More specifically, in its complaint, JITCO alleges that on April 22, 2015, it entered into an agreement (the "Contract") with 789 Auto "to purchase a new 2015 Land Rover, VIN # SALG2VF8FA216644 . . . for One Hundred Twenty Thousand Three Hundred Eighty and 00/100ths Dollars ($120,380.00)."

5

(Doc. 1 at 2-3 ¶ 6).

JITCO further maintains that after it "wired $120,380.00 to 789 Auto . . . [as called for under the Contract,] 789 Auto failed or refused to deliver the [v]ehicle to it." (*Id.* at 3 ¶ 7). Finally, JITCO also attaches a copy of the Contract to its complaint, which terms are consistent with JITCO's key factual allegations. (Doc. 1-1).

The foregoing confirms that 789 Auto is liable by default to JITCO for the purchase price–$120,380.00–of the undelivered vehicle. Further, JITCO has quantified and substantiated the reasonableness of the other components of its requested judgment, *i.e.*, $3,300.00 in attorney's fees[3] and $400.00 in court costs, through the affidavits of Ravinder Sethi (Doc. 14-1 at 3 ¶ 8) and Samuel T. Sessions (Doc. 14-3 at 2-3 ¶¶ 2-3) that are attached to its Motion. (*See also* CM/ECF margin entry dated Dec. 15, 2015, indicating clerk's receipt of filing fee in the amount of $400.00). Therefore, the court finds that the entry of a final default judgment for JITCO and against 789 Auto in the combined amount of $124,080.00[4] as requested

---

[3]  At an estimated hourly rate of $150, this fee reasonably translates into only 22 hours or roughly 3 days worth of attorney time to confer with JITCO about the dispute, perfect service and obtain an entry of default on 789 Auto as well as draft, revise, and file JITCO's complaint, Motion, and related attachments. Further, $3,300.00 represents "less than three percent of the amount of the debt" (Doc. 14-3 at 1 ¶2) due to be refunded to JITCO under the Contract, *i.e.*, $120,380.00 X 3% = $3,611.40.

[4]  $120,380.00 + $3,300.00 + $400.00 = $124,080.00.

6

by JITCO is appropriate.[5]

## IV.   Conclusion

Accordingly, the Motion is due to be granted as to 789 Auto only and otherwise is due to be termed as moot. Further, a default judgment in the total amount of $124,080.00 is due to be entered in JITCO's favor and against 789 Auto. The court will enter a separate final judgment order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 27th day of April, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5]   JITCO did not include a jury demand in its complaint and seeks judgment for a sum specific without requesting an evidentiary hearing on damages.

7